UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAMELA A. BAUGHER,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, and CITY OF KENNEWICK,<br><br>    Defendants. | NO. CV-04-5054-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSING THE CASE** |

    Before the Court is Defendant City of Kennewick's Motion for Summary Judgment (Ct. Rec. 15) and Defendant State of Washington's Motion for Summary Judgment (Ct. Rec. 24). The motions were heard without oral argument.

### BACKGROUND FACTS

    On March 25, 2004, Plaintiff accompanied a friend to the Department of Licensing ("DOL") in Kennewick, Washington. Plaintiff attempted to enter the DOL with her dog, Bun, in tow. As she walked through the doors, she was met by Deanna Turley, an employee of the DOL, who stated that Plaintiff could not bring her dog into the facility. Plaintiff objected to being denied entrance because, according to Plaintiff, Bun was a medical service dog. While the employees of the DOL were checking on the policies of the facility regarding service animals, Plaintiff left the premises. After leaving the DOL facility, Plaintiff summoned the Kennewick police, who eventually asked Plaintiff to leave the premises. When Plaintiff refused, she was arrested for creating a disturbance and failing to obey the officers' commands to leave.

On May 4, 2005, Plaintiff filed her complaint in the Eastern District of Washington (Ct. Rec. 1). On May 10, 2004, Plaintiff served a notice of claim on the City of Kennewick. On May 11, 2005, Plaintiff personally delivered a copy of her Summons and Complaint to the City of Kennewick's Attorney's offices and tossed them on the front counter. Plaintiff also personally delivered a copy of her Summons and Complaint to the Kennewick branch office of the Department of Licensing where the underlying incident occurred.

## DISCUSSION

Defendant City of Kennewick moves for summary judgment based on procedural and substantive grounds. Procedurally, Defendant asserts that Plaintiff failed to effect proper service of process and failed to comply with a condition precedent and exhaust her administrative remedies. Substantively, Defendant argues that Plaintiff cannot establish a violation of the Americans with Disabilities Act. In its reply memorandum, Defendant asserts that to the extent Plaintiff is alleging a 42 U.S.C. § 1983 against Defendant City of Kennewick, Plaintiff cannot establish such a claim.

Defendant State of Washington also moves for summary judgment on procedural and substantive grounds. Procedurally, Defendant asserts that Plaintiff failed to effect proper service of process and failed to properly file a Tort Claim, pursuant to Wash. Rev. Code § 4.92. Substantively, Defendant State of Washington argues that the Eleventh Amendment provides immunity for all of Plaintiff's claims, except for the claims based on the Americans with Disabilities Act, and that Plaintiff cannot establish a violation of the Americans with Disabilities Act.

**I.    Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial," then the trial court should grant the motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**II. Defendants' Summary Judgment Motions**

Both Defendants assert that Plaintiff failed to effect proper service of process. It is clear from the record that Plaintiff did not properly serve either Defendant. Pursuant to Fed. R. Civ. P. 4(c)(2), service must be effected by a person who is not a party. Plaintiff personally served the copies of her complaint, in violation of the rule. Moreover, Plaintiff violated Fed. R. Civ. P. 4(j) by failing to serve her complaint pursuant to Wash. Rev. Code § 4.28.080(2)[1] and Wash. Rev. Code § 4.92.020[2].

---

[1] The summons shall be served by delivering a copy thereof, as follows: (2) If against any town or incorporated city in the state, to the mayor, city manager, or, during normal office hours, to the mayor's or city manager's designated agent or the city clerk thereof. RCW § 4.28.080(2). The agent designated by the City of Kennewick to accept service for the City is the City Clerk, Valerie Loffler.

[2] Service of summons and complaint in such actions shall be served in the manner prescribed by law upon the attorney general, or by leaving the summons

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSING THE CASE ~ 3**

In response to Defendants' Motion for Summary Judgment, Plaintiff filed a Motion to Deny Defendant's Summary Judgment Motions (Ct. Rec. 31) and also filed Plaintiff's Reply to Defendants' Summary Judgment Motions (Ct. Rec. 38). In her pleadings, Plaintiff did not address Defendant's contentions that she failed to properly serve them. Under Fed. R. Civ. P. 4(m), if the plaintiff fails to properly serve the defendants, the court can dismiss the action without prejudice, or direct that service be effected within a specific time, provided that Plaintiff can show good cause. The court is aware that Plaintiff is proceeding *pro se*; therefore, fairness seems to suggest that Plaintiff should be granted additional time to properly serve.

Plaintiff's failure to respond to Defendants' arguments regarding proper service, however, prevents her from establishing the necessary good cause for an extension of time to properly serve Defendants. Also, it appears that Plaintiff is no longer interested in pursuing her claims against the Defendants. In her Reply to Defendants' Summary Judgment Motions, Plaintiff asked the Court to dismiss her case without prejudice. (Ct. Rec. 38, p. 15). In a letter to the Court postmarked April 18, 2005, Plaintiff captioned the letter as NOTICE DROPPING BOTH LAWSUITS. Also included in the letter were the following statements: "Please drop the lawsuits. The lawsuits have to be dismissed." Also, the Court notes that on July 7, 2004, Plaintiff filed a Motion for Voluntary Dismissal (Ct. Rec. 8).[3]

Because Plaintiff has not established good cause for an extension of time to

---

and complaint in the office of the attorney general with an assistant attorney general. RCW 4.92.020. Plaintiff attempted to serve the State of Washington by personally delivering a copy of the Summons and Complaint to the branch office of the Department of Licensing where the underlying incident occurred.

[3]The Court denied the motion because Defendants had filed a response and had not stipulated to a voluntary dismissal (Ct. Rec. 9).

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSING THE CASE ~ 4**

properly serve the Defendants, it is appropriate to grant the Defendants' Motions for Summary Judgment and dismiss Plaintiff's claims without prejudice.

Accordingly, **IT IS HEREBY ORDERED**

1. Defendant City of Kennewick's Motion for Summary Judgment (Ct. Rec. 15) is **GRANTED**.

2. Defendant State of Washington's Motion for Summary Judgment (Ct. Rec. 24) is **GRANTED**.

3. Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment (Ct. Rec. 31) is **DENIED**.

4. Defendant State of Washington's Motion to Strike Factual Allegations in Plaintiff's Motion to Deny Defendants' Summary Judgment Motion (Ct. Rec. 32) is **DENIED**, as moot.

5. Defendants' Joinder in State of Washington's Motion to Strike (Ct. Rec. 36) is **DENIED**, as moot.

6. Defendant State of Washington's Motion to Strike (Ct. Rec. 37) is **DENIED**, as moot.

7. The above-captioned case is **DISMISSED**, without prejudice.

8. The District Court Executive is directed to **CLOSE** the file.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 24th day of June, 2005.

s/ ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2004\Baugher CV-04-5054\sj.ord.wpd

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSING THE CASE ~ 5**